UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VACARRO MONROE,<br><br>      Plaintiff,<br><br>  v.<br><br>PROGRESSIVE INSURANCE, et al.,<br><br>      Defendants. | CASE NO. C25-982-KKE<br><br>ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE |

  This matter comes before the Court on Defendant United Financial Casualty Company's[1] ("UFCC") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 5. Plaintiff, proceeding *pro se*, did not respond to or oppose the motion.

  On April 30, 2025, Plaintiff filed this complaint against Defendant UFCC and Domonique Foy in King County Superior Court for "lack of attention to claim" arising from an automobile accident that occurred in December 2023. Dkt. No. 1-2 at 4. Defendant Domonique Foy was never served. UFCC removed the case to this court because there is complete diversity and the amount in controversy exceeds $75,000. Dkt. No. 1 ¶¶ 9–11 (citing 28 U.S.C. §§ 1332, 1441). UFCC now moves to dismiss the complaint because "Washington law does not recognize any private cause of action by a third-party claimant against an insurer or its adjuster for the handling of a liability claim." Dkt. No. 5 at 1–2. Plaintiff did not respond or otherwise oppose the motion.

---

[1] Plaintiff incorrectly named Progressive Insurance instead of UFCC as a defendant. *See* Dkt. No. 1 at 1.

ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE - 1

In this district, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). The Ninth Circuit has affirmed dismissal of a *pro se* plaintiff's case for failure to respond to a motion to dismiss, consistent with a local rule. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Here, the public's interest in expeditious resolution, the Court's need to manage its docket, and the risk of prejudice to UFCC all weigh in favor of dismissal here. The public policy favoring disposal of cases on their merits weighs against dismissal, but this is outweighed by the other factors. Because the Court dismisses the case against UFCC without prejudice, there is no less drastic sanction available. These factors favor granting the motion to dismiss. Dkt. No. 5. Accordingly, the Court GRANTS the motion to dismiss (Dkt. No. 5) and dismisses the case against UFCC without prejudice.

Plaintiff is further ORDERED to show cause no later than July 23, 2025, why the remaining claim against Defendant Foy should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). If Plaintiff does not respond to this order, the Court will dismiss the case against Defendant Foy without prejudice.

The Clerk is instructed to send uncertified copies of this Order to Plaintiff at his last known address.

Dated this 2nd day of July, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge